UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                        Criminal Case No. 20-20575

Antonio Williams,                Sean F. Cox
                                               United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER DENYING
## DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER

Defendant Antonio Williams ("Defendant") is charged with three counts of being a felon in possession of a firearm. Pretrial Services recommended detention and, after holding a detention hearing, the magistrate judge ordered Defendant detained pending trial. Defendant is now appealing that ruling and seeks release on bond. A hearing was held on January 15, 2021. For the reasons set forth below, the Court DENIES the motion.

## BACKGROUND

In this criminal action, Defendant was charged with one count of being a felon in possession of a firearm by way of a Criminal Complaint issued on November 9, 2020.

Pretrial Services recommended that Defendant be detained pending trial, concluding that Defendant is both a flight risk and a danger to the community. (*See* Pretrial Services Report).

Magistrate Judge Kimberly Altman held a detention hearing on November 12, 2021. Thereafter, she issued an Order of Detention Pending Trial (ECF No. 7), finding that there are no conditions or combination of conditions that would ensure the safety of the community or

1

Defendant's appearance. She noted that the reasons for detention include: 1) the weight of evidence against the defendant is strong; 2) Defendant is subject to a lengthy period of incarceration if convicted; 3) Defendant's prior criminal history; 4) Defendant's history of violence or use of weapons; and 5) his history of alcohol or substance abuse. Her order further included this narrative explanation:

> Defendant has multiple instances of failure to appear, although mostly for minor traffic offenses, the large number is very concerning especially since Defendant is now facing a very serious charge. The weapons found at Defendant's residence which form the basis for the instant offense consist of assault style rifles. A large amount of ammunition and a bullet proof vest was also recovered from Defendant's residence, where minor children reside. Defendant was released on tether and home confinement following his first felony conviction and violated. He has also used social media to post photos of himself with weapons, suspected drugs, and large amounts of currency.

(*Id*. at PageID.16).

On November 23, 2020, an Information was filed, charging Defendant with three counts of Felon in Possession of a Firearm. (ECF No. 12). On November 24, 2020, Williams waived his right to an indictment, and agreed to proceed by way of Information. (ECF No. 14).

On December 23, 2020, Defendant filed the instant motion appealing the magistrate judge's ruling and seeking release on bond. (ECF No. 19). Defendant asserts that he should be released on bond pending trial. He claims that he has strong ties to the community and that he needs time to prepare the young children he resides with[1] for his extended absence from home. His request is also based upon the risks of incarceration given the COVID-19 pandemic.

The Government opposes Defendant's motion, persuasively arguing that Defendant is

---

[1] His brief states that Williams "has a toddler daughter" with his girlfriend Desirae Wilson "and also cares for her other two children, aged 5 and 3, as his own since their biological father abandoned them shortly before the birth of the 3-year old." (Def.'s Br. at 2).

both a flight risk and a danger to the community. The Government's brief discusses the evidence of the events surrounding the charges in this case, as well as Defendant's extensive criminal history. The Government notes that Williams has used social media posts to show himself posing with assault-style weapons. It also notes that Williams's claims about his employment made in his motion (ie, that he has been employed with an "automobile detailing company" for the past two years) conflict with what he told pretrial services (that he is currently employed as a porter/transporter for AMC Urgent Care). It also notes that Williams has committed offenses while on probation. The Government contends that Williams should remain detained pending trial and that the risks associated with COVID-19 do not warrant his release.

## ANALYSIS

Under 18 U.S.C. § 3145(b), a defendant who has been ordered detained by a magistrate judge may move to revoke the detention order. The Court reviews a defendant's appeal of an order of detention *de novo*. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985).

Pursuant to the Bail Reform Act, 18 U.S.C. § 3142, a defendant may be detained pending trial only if a judge "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e).

It is the Government's burden to prove by clear and convincing evidence that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); 18 U.S.C. §§ 3142(e), 3142(f)(2)(B). To determine whether no conditions exist that will reasonably assure Defendant's appearance, the Court must consider the following factors from § 3142(g): (1) the nature and

3

circumstances of the offenses charged; (2) the weight of the evidence against Defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

### Nature and Circumstances of the Charge

The offenses charged are serious. Defendant is charged with three counts of being a felon in possession of a firearm. *See United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002) (noting that felon in possession is a serious offense). Indeed, crimes involving firearms are a specific consideration under § 3142(g)(1). This factor weighs in favor of detention.

### Defendant's History and Characteristics

Defendant's history and characteristics demonstrate that he is a continuing danger to the community. Defendant has a lengthy criminal history, and one that includes violence. Defendant has offering conflicting information regarding his employment history. Defendant has a history of engaging in criminal activity while under supervision and failing to appear for court dates. Defendant lives in a home with three young children, yet had assault-style rifles and ammunition in that home.

### Weight of the Evidence Against Defendant

The weight of the evidence of Defendant's dangerousness is substantial. *See Stone*, 608 F.3d at 948 ("This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."). Defendant's criminal history includes crimes of violence and his criminal conduct shows no signs of abating.

**Nature and Seriousness of the Danger Posed by Defendant's Release**

Finally, Defendant's release would pose a serious danger to the community. Defendant has a lengthy criminal history. The nature of the instant offense, Defendant's prior arrests and convictions, including violent behavior, and engaging in criminal activity while under supervision, weigh in favor of pretrial detention. Defendant has also shown little regard for the authority of the court or for law enforcement, giving the Court little reason to believe that his dangerous behavior would suddenly cease if released on bond.

Weighing these factors, this Court concludes the Government has established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure Defendant's appearance and assure the safety of the community.

## CONCLUSION & ORDER

Accordingly, IT IS ORDERED that Defendant's Motion for Revocation of Detention Order is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 22, 2021